Civilian pay; Civil Service retirement; calculation of annuity where benefits added for persons retiring later than claimant. — On May 30,1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
This single motion case comes to us on defendant’s motion for summary judgment. We grant defendant’s motion.
Plaintiff, a former civil service employee, retired on December 31, 1958, at age 55, with over 30 years of service. At that time the Civil Service Retirement Act Amendments of 1956, Pub.L. No. 84-854, 70 Stat. 743, et seq. (1956), required the reduction of a retiree’s annuity by one-twelfth of one percent for each month the retiree is under the age of 60 at the time of retirement. Accordingly, plaintiffs annuity was reduced by 5 percent.
Our only filing from plaintiff is his one page petition which outlines the facts and his legal argument in rather sketchy form. Plaintiff points out that the Civil Service Retirement Act was amended in 1966 to eliminate the reduction in the retirement annuity for those retiring between ages 55 and 60. Civil Service Act Amendments of 1966, Pub.L. No. 89-504, §505, 80 Stat. 300. Plaintiff contends that the 5 percent reduction of his annuity was violative of the Age Discrimination Act of 1975, 42 U.S.C. § 6101-6107 (1976) because "those employees of [ages 55 to 60] retiring before the enactment of [the 1966 Civil Service Retirement Act amendments] are penalized, due solely to their age and no other reason[Emphasis in original.]
We decline to decide defendant’s initial contention, a challenge to our jurisdiction over this case and instead *671 assume jurisdiction arguendo. Monett v. United States, 190 Ct. Cl. 1, 419 F.2d 434 (1969), cert. denied, 400 U.S. 846 (1970). We hold that the substance of plaintiffs claim is wholly without merit. Plaintiffs claim is supported by neither the Age Discrimination Act of 1975, nor the 1966 amendments to the Civil Service Retirement Act.
The Age Discrimination Act exempts from its coverage "any program or activity established under authority of any law which (a) provides any benefits or assistance to persons based upon the age of such persons; or (b) establishes criteria for participation in age-related terms or describes intended beneficiaries or target groups in such terms.” 42 U.S.C. § 6103(b)(2). Clearly, the Civil Service Retirement Act age requirements fall within that language. Age and length of service are the determinants of eligibility for those benefits and it would be absurd to suggest that age cannot be considered in paying Civil Service retirement.
As to the 1966 amendments to the Civil Service Retirement Act, plaintiff asserts that Congress "made no mention of employees retiring before its enactment.” The assertion is not correct. Section 508(b) of the 1966 amendments states:
(b) Except as provided in section 507 and subsection (c) of this section [neither of which bear on this case], the amendments made by this title to the Civil Service Retirement Act shall not apply in the cases of persons retired or otherwise separated prior to these respective effective dates, and the rights of such persons shall continue in the same manner and to the same extent as if this title had not been enacted.
Congress could not have made its intent more clear not to "grandfather” annuitants like plaintiff who retired before the 1966 amendments, into the terms of those amendments.
it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.